# IN THE COURT OF APPEALS OF IOWA

No. 16-0670
Filed February 8, 2017

**DONTAYE JERMAINE BURTON,**
 Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
 Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Karen A. Romano, Judge.

An applicant appeals the district court's denial of his postconviction-relief application. **AFFIRMED.**

Erin M. Carr of Carr & Wright, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VOGEL, Judge.**

Dontaye Burton pled guilty to second-degree robbery and second-degree burglary and was sentenced to two, consecutive ten-year terms in prison, with a mandatory minimum of seven years. *See* Iowa Code § 902.12 (2009). At the time he committed the offenses, Burton was twenty-one years old. He appealed his conviction, but that appeal was dismissed as frivolous in 2012. In 2015, Burton filed an application for postconviction relief (PCR). He asked that the holding of *State v. Lyle* be extended to offenders who are twenty-five years old or younger. 854 N.W.2d 378, 400 (Iowa 2014) (holding all mandatory minimum sentences for juvenile offenders are unconstitutional). After a trial, the district court denied Burton's claim.

Like the district court, we are not free to ignore controlling supreme court precedent. *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014). The court in *Lyle* specifically stated:

> [O]ur holding today has no application to sentencing laws affecting adult offenders. Lines are drawn in our law by necessity and are incorporated into the jurisprudence we have developed to usher the Iowa Constitution through time. This case does not move any of the lines that currently exist in the sentencing of adult offenders.

854 N.W.2d at 403. Contrary to Burton's suggestion on appeal, nothing in the supreme court's recent decision of *State v. Sweet* undermines this holding. 879 N.W.2d 811 (Iowa 2016) (concluding a sentence of life without the possibility of parole for a juvenile offender violates the Iowa Constitution). We thus summarily affirm the district court's denial of Burton's PCR application pursuant to Iowa Court Rule 21.26(1)(a), (c), and (d).

**AFFIRMED.**